UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re:<br><br>BARBARA KAVOVIT,<br><br>                    Debtor. | S.D.N.Y. Bankr. Case<br>No. 15-22337-RDD |
| NEWMAN FERRARA LLP,<br><br>                    Appellant,<br><br>   v.<br><br>MARK S. TULIS, as Chapter 7 Trustee of Barbara Kavovit, BARBARA KAVOVIT, PRYOR CASHMAN LLP and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for American Home Mortgage Assets Trust 2006-1, Mortgage-Backed Pass-Through Certificates, Series 2006-1,<br><br>                    Appellees. | Civil Action No. 18-cv-01125-CS |

---

**APPELLANT'S REPLY BRIEF IN FURTHER SUPPORT OF BANKRUPTCY APPEAL**

---

**PICK & ZABICKI LLP**
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000
On the Brief:
Douglas J. Pick
Eric C. Zabicki

*Counsel to Appellant Newman Ferrara LLP*

Appellant Newman Ferrara LLP ("Newman") respectfully submits this brief in reply to the opposing brief ("Appellee's Brief") of Appellee Mark S. Tulis, as Chapter 7 Trustee of Barbara Kavovit (the "Trustee").[1]

Appellee's Brief relies predominantly upon the legal premise that "under a complete analysis, both the Newman Avoidance Judgment[2] and the Order vacating the default would be void from having occurred after Joseph's death and before any substitution of a personal representative." (*See* Appellee's Brief, pp. 10 and 15[3]). The Trustee argues that, as a result, the Debtor never had any legal interest in the Wainscott Property. That argument is incorrect as it fails to consider the fact that, prior to Joseph's death on June 17, 2013:

(i) On November 29, 2012, the State Supreme Court had entered an interim order granting Newman the relief sought (on default) and directed Newman to "Settle Order and Judgment…" setting aside of the conveyance of the Wainscott Property that was made to Joseph under the Second Deed as a fraudulent conveyance. [Docket Nos. 84, ¶14; 86, ¶6, Ex. D; 88, ¶14]; and

(ii) In accordance with the interim order, an Order/Judgment was settled on notice to the Debtor which was subsequently signed on June 11, 2013 vacating and nullifying the conveyance of the Wainscott Property to Joseph under the Second Deed. [Docket No. 86, ¶7, Ex. E].

The Order/Judgment dated June 11, 2013 was entered in New York County on July 3, 2013 and was entered in Suffolk County on August 5, 2013, *i.e.*, after Joseph's passing on June 17,

---

[1] None of the other appellants herein submitted a brief.

[2] Capitalized terms utilized but not defined herein have the meanings ascribed to them in Newman's opening brief or in Appellee's Brief.

[3] On page 15 to the Appellee's Brief the Trustee alleges as follows:
> It is clear that the Property was titled in Joseph's name. The activity which might have altered this fact, that is the Newman Avoidance Judgment and the related activities, all took place after Joseph passed away. Those actions were therefore void under New York State Law, CPLR 1015.

1

2013. [*Id.*].[4]  However, these were purely ministerial tasks allowing Newman to preserve and protect its first judgment lien against the Wainscott Property.

Case law is clear that "ministerial acts" are not barred and that the Debtor's having subsequently filed (on November 26, 2013) a motion to vacate the Debtor's and Joseph's default was void *ab initio* since Joseph's death had divested the State Supreme Court of any jurisdiction to conduct any further judicial proceedings.  At the time of Joseph's passing, the State Supreme Court had already signed the June 11, 2013 Order.  No appeal was taken and, accordingly, all that remained was the ministerial act of recording the Order/Judgment in Suffolk County to conform to the already issued decision of the State Supreme Court, which was a matter of record.  As stated in *Ornstein v. Lyndon Baines Johnson Health Complex, Inc.*, 2006 Dist. LEXIS 22485 at *12-13 (2006):

> Moreover, New York law supports that Judge Steinhardt's decision is effective notwithstanding the fact that the state court did not have jurisdiction when the judgment was eventually docketed.  In *Case v. Forgacs*, 105 N.Y.S. 2d at 761, and *Appeal of Sember*, 79 N.Y.S. 2d at 161-62, the New York Appellate Divisions of Schoharie County and Erie County, respectively, found that the judgments in question were *valid* despite errors or delays in docketing because the "judicial" functions of the Judge had been completed…In *Fish v. Emerson*, 44 N.Y. at 378, the court declared that the "judicial functions of the justice are complete when he has rendered his judgment," although finding that the order was not perfected until filed.  Judge Steinhardt's judicial functions were completed while the State court had jurisdiction.  Therefore, I do not find any reason why the State court would need jurisdiction over the case in order to docket the judgment, and thus perfect it.

*See also In re Estate of Forgione*, 237 A.D.2d 438, 439, 655 N.Y.S.2d 552 at 553 (1997) (an exception to the rule that the Court lacks jurisdiction upon the death of a party is "where the court has made a final adjudication . . . but has not performed 'the mere ministerial act of entering the

---

[4] Upon Joseph's passing, Joseph's interest in the Wainscott Property fully reverted to the Debtor, thereby leaving the Debtor as the sole owner of the Wainscott Property upon her filing a Chapter 7 Petition.

2

final judgment'" [*Cornell v. Cornell*, 7 N.Y.2d 164, 170; *see also Brown v. Brown*, 208 A.D.2d 485; *Van Pelt v. Van Pelt*, 172 A.D.2d 659)]. . . .

The balance of the Trustee's arguments address the settlement that was approved by the Bankruptcy Court. The Trustee essentially confirms that if the Order is affirmed by the Court, the Trustee and/or his professionals will be fully paid with little, if anything, to be distributed to the unsecured creditors of the Debtor, other than to Pryor (which is scheduled to receive not less than 90% of any distribution to unsecured creditors). Had the Trustee simply abandoned the Fraudulent Conveyance Action, it would have resulted in the priority lien structure remaining intact with Newman holding a second lien and Pryor holding a third lien against the Wainscott Property, each standing in line behind the Deutsche Bank and with Pryor pursuing its Non-Discharge Action against the Debtor on behalf of itself and all other creditors of the Debtor.

For the foregoing reasons and again based on the entirety of the record, including the Trustee's acknowledgment that the real and only beneficiaries of the settlement are the Debtor, the Trustee and his professionals and Pryor, it is respectfully submitted that the Order should be reversed, allowing Newman (and Pryor) to pursue their judgments against the Wainscott Property.

Dated: New York, New York
      May 31, 2018

                                **PICK & ZABICKI LLP**
                                Counsel to Appellant

By: _____
        Douglas J. Pick, Esq.
        Eric C. Zabicki, Esq.
        369 Lexington Avenue, 12th Floor
        New York, New York 10017
        (212) 695-6000